<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|                          |   |                          |
|--------------------------|---|--------------------------|
| SHAQUAN ARCHIE,          | : | Civil No. 12-4697 (FSH)  |
|                          | : |                          |
| Plaintiff,               | : |                          |
|                          | : | **OPINION**              |
| v.                       | : |                          |
|                          | : |                          |
| PABST BLUE RIBBON, et al., | : |                        |
|                          | : |                          |
| Defendants.              | : |                          |

**APPEARANCES:**

SHAQUAN ARCHIE, #328454C, Plaintiff <u>Pro</u> <u>Se</u>
Bayside State Prison
P.O. Box F-1
Leesburg, NJ  08327

**HOCHBERG, District Judge**:

Plaintiff, Shaquan Archie, a prisoner incarcerated at Bayside State Prison, seeks to file a

Complaint without prepayment of the filing fee.  This Court will grant Plaintiff's application to

proceed <u>in</u> <u>forma</u> <u>pauperis</u>.  Having screened Plaintiff's Complaint, as required by 28 U.S.C. §§

1915(e)(2)(B) and 1915A, this Court will dismiss the Complaint.

**I.  BACKGROUND**

Shaquan Archie brings this Complaint against Pabst Blue Ribbon, General Security in

Maplewood, New Jersey, the City of Newark, New Jersey, and the State of New Jersey.  He

asserts the following facts in the Complaint:

> The years of 1998-1999, I worked for General Security.  During the time I was
> stationed at the South Orange Avenue Pabst's Blue Ribbon building[,] I was
> exposed to chemicals and hazardous materials.  The exposure has caused me

lifelong damages.  The people I worked with had infectious diseases which were caused from the building.  Today, I am still affected by chemical i[m]balances and my body is fighting not to su[ccumb] to disease.  The year of 1999 I was diagnosed with bi-polar manic depression disorder.  The doctors believe my behavioral changes and mental illness are because of the hazardous exposure.  A lawsuit was filed by General Security employees.  The site supervisor Mr. Tareek White AKA Tareek Green BKA Michael Wilson said I was named with the other employees.  The field manager at General Security was known to me as Kesha Knight also a part time (E.O.F.D.) East Orange Fire Department dispatcher.  I was never given anything from the lawsuit and was told that my name was taken off of the lawsuit.  Tareek White AKA Tareek Green was later called Tareek Mayo.  Until, this day I do not know this man's real name.  It has been said that this man died of meso[thel]ioma and lung infection due to H.I.V. complications.  Before I worked for General Security at the Pabst's Blue Ribbon building, I was never diagnosed with mental illness.  I would like to be compensated for brain damages, liver scarring, & lung exposure to disease and hazardous waste.

(Dkt. 1-3 at 1.)

Plaintiff further states that while he worked for General Security, he "was not given full knowledge of the hazardous material around [him] or given protective equipment."  (Dkt. 1 at 5.) He seeks the following relief:  "I contracted Legion[n]aires Disease and was diagnosed as bi-polar manic depressive.  All because of my place of employment.  I want damages from the defendants in the excess of $10 million dollars (10,000,000)."  (Id. at 7.)

## II.  STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner is seeking redress against a government employee or entity, and to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§

1915(e)(2)(B), 1915A.

### III.  DISCUSSION

A.  Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v.

Swan, 111 U.S. 379, 383 (1884).  Federal courts "have only the power that is authorized by

Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  Bender v.

Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  Article III of the Constitution

provides:

> The judicial Power shall extend to all Cases, in Law and Equity,
> arising under this Constitution, the Laws of the United States, and
> Treaties made, or which shall be made, under their Authority;--to
> all Cases affecting Ambassadors, other public Ministers and
> Consuls;--to all Cases of admiralty and maritime Jurisdiction;--to
> Controversies to which the United States shall be a Party;--to
> Controversies between two or more States;--between a State and
> Citizens of another State;--between Citizens of different States;--
> between Citizens of the same State claiming Lands under Grants of
> different States, and between a State, or the Citizens thereof, and
> foreign States, Citizens or Subjects.

U.S. Const. art. III, § 2.

The essential facts establishing subject matter jurisdiction must be alleged in the

complaint.  See McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 182, 189

(1936).  The plaintiff, "who claims that the power of the court should be exerted in his behalf . . .

must carry throughout the litigation the burden of showing that he is properly in court."  Id. at

189.  Moreover, lack of subject matter jurisdiction may be raised by the Court sua sponte at any

time.  See Bender, 475 U.S. at 541; Louisville & Nashville Railroad Co. v. Mottley, 211 U.S.

149, 152 (1908); Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998).

     (1) Diversity Jurisdiction

     Congress has given district courts "original jurisdiction of all civil actions where the

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

between - (1) citizens of different States."  28 U.S.C. § 1332(a)(1).  Diversity jurisdiction is

determined by examining the citizenship of the parties at the time the complaint is filed.  See

Smith v. Sperling, 354 U.S. 91 (1957); see also Grupo Dataflux v. Atlas Global Group, L.P., 541

U.S. 567, 570 (2004) ("It has long been the case that the jurisdiction of the court depends upon

the state of things at the time of the action brought") (citation and internal quotation marks

omitted).  This time-of-filing rule "measures all challenges to subject-matter jurisdiction

premised upon diversity of citizenship against the state of facts that existed at the time of filing -

whether the challenge be brought shortly after filing, after the trial, or even for the first time on

appeal."  Grupo Dataflux, 541 U.S. at 571.

     In a diversity action, the complaint must set forth the citizenship of each party, such that

the existence of complete diversity can be confirmed from the face of the complaint.  See

Universal Reinsurance Co., Ltd. v. St. Paul Fire And Marine Ins. Co., 224 F. 3d 139, 141 (2d Cir.

2000) ("The failure to allege [a party's] citizenship in a particular state is fatal to diversity

jurisdiction); Guaranty Nat'l Title Co. v. J.E.G. Assoc., 101 F. 3d at 58 ("When the parties allege

residence but not citizenship, the court must dismiss the suit"); American Motorists Ins. Co. v.

American Employers' Ins. Co., 600 F. 2d 15, 16 (5th Cir. 1979) (plaintiff "must specifically

allege each party's citizenship, and these allegations must show that the plaintiff and

defendant[s] are citizens of different states").  In addition, the party asserting diversity

jurisdiction bears the burden of proving diversity by a preponderance of the evidence.  See

McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006) (citing McNutt, 298

U.S. at 189).

The Complaint in this case asserts that Plaintiff, who is presently incarcerated in a New

Jersey prison, was exposed to hazardous substances while he was employed in East Orange, New

Jersey, by General Security, a company located in Maplewood, New Jersey.  As the absence of

complete diversity is clear from the face of the Complaint, this Court lacks diversity jurisdiction

over Plaintiff's claims.

(2) Federal Question Jurisdiction

A district court may also exercise jurisdiction over "Cases, in Law and Equity, arising

under this Constitution, the Laws of the United States, and Treaties made, or which shall be

made, under their authority."  U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.  Specifically,

42 U.S.C. § 1983 authorizes a person to seek redress for a violation of his or her federal rights by

a person who was acting under color of state law.[1]    To recover under 42 U.S.C. § 1983, a

plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a

---

[1] Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory . . . subjects,
> or causes to be subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the Constitution and
> laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

"[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful." American Manufacturers Mutual Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quoting Shelley v. Kraemer, 334 U.S. 1, 13 (1948)).  State action exists where the conduct allegedly causing the deprivation of a federal right is "fairly attributable to the State." Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982).  A private person may fairly be said to be a state actor "when (1) he is a state official, (2) he has acted together with or has obtained significant aid from state officials, or (3) his conduct is, by its nature, chargeable to the state." Angelico v. Lehigh Valley Hospital, Inc., 184 F.3d 268, 277 (3d Cir. 1999).

Here, nothing asserted in the Complaint plausibly shows that the private companies - Pabst Blue Ribbon and General Security - were acting under color of state law.  And, although Plaintiff names the City of Newark and the State of New Jersey as parties in the caption of the Complaint, he makes no allegations in the Complaint regarding these defendants or what they did to violate his constitutional or federal statutory rights.[2]  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); Bistrian v. Levy, ___ F.3d ___, 2012 WL 4335958 *8 (3d Cir. Sept. 24, 2012) ("The touchstone of

---

[2] Moreover, the State of New Jersey is not subject to suit for damages based on alleged violation of constitutional rights under 42 U.S.C. § 1983.  See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989).

the pleading standard is plausibility") (citation omitted).  The Complaint therefore fails to assert a

claim under § 1983.

　　　　This Court will accordingly dismiss the Complaint.  While a District Court generally

grants leave to correct the deficiencies in a complaint by amendment, in this case, leave will not

be granted because amendment would be futile.  See DelRio-Mocci v. Connolly Properties Inc.,

672 F.3d 241, 251 (3d Cir. 2012); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

### V.  CONCLUSION

　　　　Based on the foregoing, this Court will grant Plaintiff's application to proceed in forma

pauperis and dismiss the Complaint.


　　　　　　　　　　　　　　　　　s/ Faith S. Hochberg
　　　　　　　　　　　　　　　　　**FAITH S. HOCHBERG, U.S.D.J.**

Dated:  October 4, 2012